*Bellatoni v. Lamont*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of December, two thousand twenty-three.

PRESENT:
> JOHN M. WALKER, JR.,
> MICHAEL H. PARK,
> MYRNA PÉREZ,
> > *Circuit Judges*.

---

James N. Bellatoni, Jr., Gina Reichert, Bette Kitik, Melissa Dorish, Michael Costanza, Marcia Backsay, Michael Selearis, Michael Pietruszka, Lisa M. Ricci-Boyle, Lisa Sibley, Don Farnen, Stacy Waller, Kelley Whittaker, Michelle Bond, Kahseim Outlaw,

> *Plaintiffs-Appellants*,

> v.                                                                    23-656

Governor Edward M. Lamont, in his personal capacity,

> *Defendant-Appellee.*\*

---

---

\* The Clerk of Court is respectfully directed to amend the caption accordingly.

| | |
|---|---|
| **FOR PLAINTIFFS-APPELLANTS:** | MATTHEW S. CARLONE, Wethersfield, CT. |
| **FOR DEFENDANT-APPELLEE:** | DARREN P. CUNNINGHAM, Assistant Attorney General, (Shawn L. Rutchick, Assistant Attorney General, *on the briefs*), *for* William Tong, Attorney General of Connecticut, Hartford, CT. |

Appeal from a judgment of the United States District Court for the District of Connecticut (Underhill, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

On September 10, 2021, Governor Lamont issued Executive Order 13G,[1] which required public school teachers to choose between getting vaccinated or testing weekly for COVID-19. Teachers who refused to comply would either be placed on administrative leave or fired. Executive Order 13G expired on February 15, 2022.

Plaintiffs brought suit under 42 U.S.C. § 1983. They alleged, among other things, that Governor Lamont had "intentionally, knowingly, recklessly, and wantonly violated the Plaintiffs' constitutional rights by mandating a vaccine that does not protect the public health." Appellants' Br. at 4 (cleaned up). The district court concluded that Lamont was entitled to qualified immunity and dismissed Plaintiffs' claims against him in his personal capacity. Plaintiffs now appeal. We

---

[1] Executive Order 13G replaced an earlier order, Order 13D, issued in August 2021. Both were issued pursuant to Governor Lamont's authority under declared statewide public health and civil preparedness emergencies. The parties treat the two orders as substantively identical.

2

assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the grant of a motion to dismiss on qualified immunity grounds de novo, accepting as true the facts in the complaint and drawing all reasonable inferences in favor of the plaintiff. *See Scott v. Fischer*, 616 F.3d 100, 105 (2d Cir. 2010).

Public officials are entitled to qualified immunity "unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was 'clearly established at the time.'" *District of Columbia v. Wesby*, 583 U.S. 48, 62-63 (2018) (quoting *Reichle v. Howards*, 566 U.S. 658, 664 (2012)). A court need not determine whether a defendant violated a plaintiff's rights if it decides that the right was not clearly established. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

For a right to be clearly established, "existing precedent must have placed the statutory or constitutional question beyond debate." *White v. Pauly*, 580 U.S. 73, 79 (2017) (internal quotation marks omitted). "In practice, this means that 'controlling authority' or 'a robust consensus of cases of persuasive authority' dictate the action at issue." *Liberian Cmty. Ass'n of Conn. v. Lamont*, 970 F.3d 174, 186 (2d Cir. 2020) (cleaned up). And the relevant authority must prohibit the defendant official's conduct at a "high 'degree of specificity.'" *Id.* (quoting *Mullenix v. Luna*, 577 U.S. 7, 13 (2015)). In other words, qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Mullenix*, 577 U.S. at 12 (citation omitted).

Neither controlling nor persuasive precedent supports Plaintiffs' contention that the issuance of Executive Order 13G violated a clearly established right, even accepting as true the

3

allegations in their complaint that the vaccine was ineffective in many respects.[2]  We have never held that, in the face of a public health emergency, the Constitution forbids vaccine mandates. *We The Patriots USA, Inc. v. Hochul*, 17 F.4th 266, 293-94 (2d Cir.), *clarified*, 17 F.4th 368 (2d Cir. 2021).  We have held, however, that weighing scientific evidence and the effectiveness of vaccines is the role of state policymakers, not Plaintiffs. *See Phillips v. City of New York*, 775 F.3d 538, 542 (2d Cir. 2015) ("Plaintiffs argue that a growing body of scientific evidence demonstrates that vaccines cause more harm to society than good, but as *Jacobson* [*v. Massachusetts*, 197 U.S. 11 (1905)] made clear, that is a determination for the legislature, not the individual objectors." (citing *Jacobson*, 197 U.S. at 37-38)).

Plaintiffs make much of a passage in the Supreme Court's 1905 opinion in *Jacobson* suggesting that *some* implementation of a vaccine mandate might violate the Constitution. *See* 197 U.S. at 28 ("[The] power of a local community to protect itself against an epidemic threatening the safety of all might be exercised in particular circumstances and in reference to particular persons in such an arbitrary, unreasonable manner, or might go so far beyond what was reasonably required for the safety of the public, as to authorize or compel the courts to interfere for the protection of such persons." (citations omitted)).  But we have never held a vaccine-or-test mandate like Executive Order 13G, issued in the face of a public health emergency, to be

_____

[2] We note that the complaint stops short of alleging that the vaccine had no effect at all, focusing instead on its alleged harms and the limited or short-lived nature of any protection. *See, e.g.*, Amended Complaint ¶¶ 93-97 (stating that vaccine-based immunity was limited to the "original" strain of the virus and that protection waned "substantially" over time); ¶ 99 ("[A]dministration of a third dose of the Moderna COVID-19 vaccine appears to be only moderately effective in increasing antibody titers in the individuals studied.  It is also unclear whether the antibodies generated from the third dose are protective and durable." (citation omitted)); ¶ 114 ("[A]ny protection from the Omicron variant provided by either the BNT162b2 or mRNA-1273 vaccine disappears completely within sixty days following vaccination.").

4

unconstitutional. A reasonable official would thus have no cause to think that it would violate clearly established law, and the district court did not err in concluding that Governor Lamont was entitled to qualified immunity.

*   *   *

We have considered all of Plaintiffs' remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court